Learned, P. J.
Section 3245 does not differ essentially from section 2, chapter 262, Laws of 1859, except that it limits the provision to those actions in which the complaint demands judgment for a sum of money only. Thus it excludes (as explained in a note) equitable actions and actions of ejectment, etc.
The present action was commenced August 21, 1880.
In Baine v. Rochester, 85 N. Y., 524, it was held that it was no answer to this requirement of law that the city treasurer was not authorized to adjust or pay the claim. If this be so, then there is no reason why this requirement of the statute should not apply to actions ex delicto, and so we held in Dressel v. Kingston, 39 Sup. Ct. (32 Hun.) 526.
It is true that in McClure v. Supervisor of Niagara, 50 Barb. 594, the view was taken (contrary to the decision of the Court of Appeals above cited), that a similar provision applied only to claims which might be audited and not to actions for damages. The appeal from that decision was dismissed, 4 Abbott’s N. S. 202.
The case of Quinlan v. Utica, 18 Sup. Ct. (11 Hun.) 217, was decided on the special language of the charter of that city.
Howell v. Buffalo, 15 N. Y., 512, was not a question of costs. It was a decision that a certain requirement of the Charter was not a bar to the action.
Whatever the effect of these cases, they appear to have been cited to the court, in Baine v. Rochester, and the language of the court in that case has settled the matter.
But it has been contended that the Common Council must be considered to be the chief fiscal officer, unless some officer is expressly so-named. That view was taken in Grier v. Lockport, 21 Weekly Dig. 444, and Grage v. Hornellsville, 2 N. S. State. Rep., 345, in regard to the trustees of villages. That view was *93 considered in Dressel v. Kingston, where it was claimed that the treasurer was not named the “ chief fiscal officer,” but the view was not adopted.
Now if we examine the case of Baine v. Rochester, we shall see that, in that instance, the claim had been presented to the Common Council. The argument is, that it was more reasonable to hold that the claim should be presented to a body who can allow it and direct payment, than to an officer who cannot.
But in that case the court distinctly say that it is no answer to the requirement of the Code that the treasurer was not authorized to adjust or pay. Therefore the power to adjust is unimportant in deciding who is the chief fiscal officer.
That the Chamberlain of Cohoes is the chief fiscal officer is evident, if we look at the charter, Laws 1869, chapter 912, Title VII., section 1. And indeed it may be said that the words, “chief fiscal officer” plainly indicate, not a body which assembles from time to time, but a permanent officer, entrusted by law with the care and custody of the moneys of the corporation.
The fiscal officer is he who has charge of the fisc, or public treasury; not necessarily the body who direct payment therefrom. The legislature of the State is not its chief fiscal officer, nor is the Common Council of the City its chief fiscal officer. And it is not necessary that an officer should be described in the charter as chief fiscal officer, to make the general provisions of the Code, or of the Act of 1859, applicable.
The question is simply whether he has charge of the fisc, that is of the treasury, or the money belonging to the'"corporation.
The order should be reversed with <$10 costs and printing disbursements, and motion granted with $10 cost.
Bockes and Landon JJ., concur.